UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOHN D. SCHMELZLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17 CV 54 (JMB) |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on plaintiff's motion to approve attorney's fees pursuant to 42 U.S.C. § 406(b). Defendant has no objection.

Plaintiff retained attorney Frank Koch to represent him with respect to his claims for benefits in proceedings before the Social Security Administration and in this Court. Pursuant to a contingent fee agreement signed on August 2, 2016, plaintiff agreed to pay counsel 25% of all past due benefits recovered. [Doc. # 31-1]. On July 31, 2018, the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. # 26]. On October 10, 2018, the Court awarded plaintiff attorney fees in the amount of $2,101.27, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. # 30]. This amount was subject to offset for any preexisting debt plaintiff owed the United States, and the entire sum was intercepted by Child Support Enforcement. [Doc. # 31-5]. In 2020, the Social Security Administration determined that plaintiff and his minor child were entitled to monthly benefits as of April 2015, and awarded back benefits in the amount of $69,768. [Doc. # 31-2]. The Social Security Administration also approved the fee agreement and withheld $17,442, representing 25%, of the

back benefits to pay counsel. Plaintiff's counsel received $10,000 of the withheld funds and now moves for the remaining $7,442, pursuant to 42 U.S.C. §406(b).

Section 406(b) of the Social Security Act governs fees for representation of Social Security claimants in court. Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002) (citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits awarded to the claimant." Id. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Id. The court is required, however, to assess the reasonableness of attorney fees requested under contingent-fee agreements. Id. at 809. And, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. Courts must first examine the contingent fee arrangement, then test the agreement for reasonableness, and appropriately reduce it, if necessary, based on the character of the representation and the results achieved. Id. at 808. For example, reductions are required if the attorney was responsible for delay or the benefits are large in comparison to the amount of time counsel spent of the case. Id.

Plaintiff submits the award of benefits letters from the Social Security Administration, the fee agreement, and an itemization of the legal services provided in connection with plaintiff's claim. Defendant does not object to the amount requested and agrees that the proposed fee should be awarded. After independently reviewing the record in this case, the undersigned finds that the § 406(b) fee request is reasonable and that no reduction in the amount is warranted. Therefore, the Court will award plaintiff's counsel attorney's fees under § 406(b) in the amount of $7,442, representing the balance of 25% of plaintiff's past due benefits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to approve attorney's fee under 42 U.S.C. § 406(b) [Doc. # 31] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's counsel is awarded $7,442 in attorney fees pursuant to 42 U.S.C. § 406(b), which shall be paid from the 25 percent of plaintiff's past-due benefits that is being held by the Social Security Administration for direct payment to counsel of an authorized attorney fee.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of January, 2021.